The judgment below is affirmed.

**R. A. A., Petitioner below, Appellant,**

**v.**

**W. S. A., Respondent below, Appellee.**

Supreme Court of Delaware.

July 23, 1970.

John J. Schmittinger, of Schmittinger & Rodriguez, Dover, for appellant.

Joshua M. Twilley, Dover, for appellee.

WOLCOTT, Chief Justice, and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice.

This is an appeal by the wife, petitioner below, from the denial of a divorce decree on the ground of extreme cruelty by the Superior Court. The trial Court's conclusion was reached on the basis that the bodily harm claimed by the petitioner did not meet the test of "extreme" cruelty required by Title 13, § 1522(4) of the Delaware Code, and on the basis that the corroboration of appellant's testimony was insufficient.

At the trial, evidence was presented by the petitioner which demonstrated that, during her first three months of marriage to the defendant below, he had threatened to kill her several times during fits of anger, and on these occasions had "snatched" and pulled appellant by the arms, causing bruises. Petitioner also recounted two instances when the defendant had forced her into their bed and pressed his knees into her thighs, causing bruises, while holding her wrists and threatening her life, and one occasion where defendant had grabbed her around the neck and had begun to strangle her. Appellant testified that she could not continue to live with her husband because she fears for her life.

The testimony of appellant was corroborated by appellee's daughter, who had witnessed several arguments between her father and petitioner in the course of which appellee had "snatched" appellant's arm. The daughter had seen bruises on appellant's thighs and she testified at trial that appellant had said they were the result of the husband getting on top of her with his knees. This witness also confirmed the threats by her father to kill her stepmother, the appellant. The last of these threats was made the day before trial.

The appellant's sister also testified at the trial that she had seen the bruises referred to, and had been told they were caused by appellee's knees. The sister further testified that appellant had complained to her of a sore neck and had said it was caused by appellee choking her.

■ The appellee denies all the accusations of the petitioner, except he admits pushing her on one occasion after she pulled the covers off him while he was in bed. The trial Court concluded that the testimony of the parties was in equipoise; that the petitioner had not established her case by a preponderance of the evidence. Although the truth of the testimony of the corroborating witnesses was not doubted, the trial Judge indicated in his opinion that he felt there was inadequate corroboration to sustain appellant's burden of proof.

In our opinion, this evidence presented to the trial Court established extreme cruelty within the meaning of 13 Del.C. § 1522 (4) which provides as a ground for divorce:

"Extreme cruelty, on the part of either husband or wife, such as to endanger the life or health of the other party or to render cohabitation unsafe."

The trial Court erred in failing to find sufficient evidence present to make out petitioner's case for divorce on the ground of extreme cruelty.

Where, as here, the trial Court does not doubt the veracity of the corroborating witnesses, but merely finds their testimony insufficient to give one party a preponderance of the evidence, the case of Reynolds v. Reynolds, Del.Supr., 237 A.2d 708 (1967) is controlling. In a case of this posture, we do not substitute our judgment for that of the trial Judge as to the credibility of witnesses, but review the facts and law in the case. We have concluded that there was sufficient corroboration of the appellant's testimony to sustain her burden of proof, and that the preponderance of evidence is clearly in the appellant's favor so as to entitle her to a divorce on the ground of extreme cruelty. As we stated in Reynolds, supra, there is a limit to the amount of cor-

roboration an abused wife can adduce because wife-abusers do not usually operate before witnesses.

■ The appellee argues that the Court erred in refusing to permit an amendment of the answer to aver condonation. That application was made during the trial. The evidence, as detailed in his brief, would have been inadequate to support that defense, especially in view of his threat, made the day before trial, to kill his wife if she continued to press this action. We find no reason to justify a reopening of the case on this ground.

Accordingly, the judgment below must be reversed with directions to issue a *decree nisi*.